UNITED STATES *v.* AIR-SEA FORWARDERS, WHOLESALE BUSINESS MACHINES, ET AL. (No. 5234)*

United States Court of Customs and Patent Appeals, April 6, 1967

*Barefoot Sanders*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Sheila N. Ziff* for the United States.

*Glad & Tuttle (Edward N. Glad,* of counsel) for appellees.

[Oral argument February 7, 1967 by Mrs. Ziff and Mr. Glad]

Before RICH, Acting Chief Judge, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK**

KIRKPATRICK, Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, Second Division, 55 Cust. Ct. 456, Abstract 69589, involves the same machines, as well as an additional machine, as those in *Clary Corp., et al.* v. *United States*, 48 Cust. Ct. 416, Abstract 66690. The record in the *Clary* case has been incorporated into the present record.

The imported machines were classified as adding machines under paragraph 353 and, in some instances, under similar provisions in paragraph 372 of the Tariff Act of 1930, both as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108. The importers-appellees claim classification under either paragraph 353 or paragraph

---

*C.A.D. 907.

**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

372, as modified, as calculating machines specially constructed for multiplying and dividing. The relevant portions of the statutes are:

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 54108:

Articles having as an essential feature an electrical element or device, such as * * * finished or unfinished, wholly or in chief value of metal, and not specially provided for:

Adding machines having an electric motor as an essential feature _____ 12½% ad. val.

*          *          *          *          *          *          *

Calculating machines specially constructed for multiplying and dividing, and having an electric motor as an essential feature_____ 10½% ad val.

Paragraph 372 of the Tariff Act of 1930, as modified by T.D. 54108:

Machines, finished or unfinished, not specially provided for:
Adding machines_____ 12½% ad val.

*          *          *          *          *          *          *

Calculating machines, specially constructed for multiplying and dividing; * * *_____ 10½% ad val.

The imported merchandise is an office machine of the type commonly used for addition and subtraction. The machine is capable of multiplying automatically but division is carried out by the use of reciprocals, expressed in decimals, which are obtainable from a table of reciprocals in the Operator's Manual. Thus, when multiplying $12 \times 12$, one depresses the number 1 and number 2 keys twice, the $\times$ button, and the equal button, and then the machine automatically arrives at the product. When the machine is used to divide 144 by 12, the process is carried out by entering 144 and 0.0833 (the reciprocal of 12, or $\frac{1}{12}$, obtained from the Operator's Manual) and depressing the multiplier key. The answer obtained by the above division procedure would be 11.9952, which is accepted as equivalent to 12.

The court below sustained the protest and held the imported machines are properly classified as calculating machines. The Customs Court relied substantially on our decision in *Plus Computing Machines, Inc.* v. *United States*, 44 CCPA 160, C.A.D. 655, wherein this court held certain office machines, which use a system of complements for subtraction and division, to be calculating machines.

The Government attempts to distinguish the *Plus* case on the ground that the machines involved in that case employed a system of complements which appeared on the keyboard whereas in the present case the table of reciprocals does not appear on the keyboard but is found in the Operator's Manual. However, we agree with the appellees' position that this is a distinction without substance.

The Government further contends that there is nothing in the record herein to show that the imported merchandise is specially constructed to divide, as the statutes on calculating machines require.

We note, however, that the machines here in issue carry out division by multiplying a dividend with the reciprocal of a divisor. In this connection, the following language in the *Plus* case, quoted by the court below, is pertinent:

It is argued by the Government that since it is necessary to use the system of complements when using Exhibit 1 for division, the machine does not actually divide. However, none of the machines described in the record can carry out division or multiplication without the performance of certain selective steps by the operator. Accordingly, while the operation of Exhibit 1 may require somewhat more thought and training than that of Exhibit 3, we think that both machines may be properly said to multiply and divide.

In view of the foregoing, the judgment of the Customs Court is *affirmed.*